UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARNITA CHARLES, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 18-cv-7234 |
| | ) | |
| v. | ) | JURY DEMANDED |
| | ) | |
| 2ND GEN – YORKTOWN INC., | ) | |
| DBA DUNKIN DONUTS, | ) | |
| VIPUL PATEL, and | ) | |
| CHETAN JANI, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Marnita Charles, through her attorneys, Hughes Socol Piers Resnick & Dym, Ltd., complains against Defendants 2nd Gen – Yorktown Inc., DBA Dunkin Donuts, Vipul Patel, and Chetan Jani as follows:

## NATURE OF THE ACTION

1. Defendant 2nd Gen – Yorktown Inc. ("2nd Gen") is a corporation that owns and operates Dunkin Donuts franchises. 2nd Gen is owned and operated by Defendants Vipul Patel and Chetan Jani.

2. Defendants have willfully engaged in a scheme, business plan, or policy of requiring Plaintiff to work over forty hours per week without paying her overtime premium pay.

3. Plaintiff now seeks to recover unpaid overtime premium pay and improperly withheld wages under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL").

## JURISDICTION

4. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28

U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district, and Defendant 2nd Gen resides in this judicial district. *See* 28 U.S.C. § 1391(b).

## PARTIES

6. Marnita Charles is a resident of Chicago, Illinois, and worked for 2nd Gen – Yorktown Inc. at a Dunkin Donuts franchise it owns and operates March 2017 to April 2018.

7. Defendant 2nd Gen is an Illinois Corporation that operates Dunkin Donuts franchises.

8. Defendant Vipul Patel is an owner of 2nd Gen.

9. Defendant Chetan Jani is the president and is an owner of 2nd Gen.

10. During relevant times, Plaintiff has been an employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 203, and the IMWL, 820 ILCS 105/3(d).

11. During relevant times, Defendants were Plaintiff's "employer," as defined by the FLSA, 29 U.S.C. § 203, and the IMWL, 820 ILCS 105/3(c).

## EMPLOYER AND ENTERPRISE STATUS

12. During relevant times, Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose – namely, operating Dunkin Donuts franchises.

13. During relevant times, the Defendants' annual gross revenue exceeded $500,000.

14. During relevant times, Defendant made decisions about whether Plaintiff received overtime pay for hours worked in excess of forty in a workweek.

15. Defendants are jointly responsible for the unlawful wage and hour violations described in this complaint because they jointly controlled Plaintiff's work and the manner in which Plaintiff was paid for that work.

## FACTUAL ALLEGATIONS

16. Defendants hired Plaintiff to work as a cashier at a Dunkin Donuts in the Yorktown Shopping Center in Lombard, Illinois in March 2017.

17. Plaintiff worked as a cashier at the Lombard, Illinois Dunkin Donuts from March 2017 to July 2018 and again from September 2018 to the present.

18. From March 2017 to July 2018, Plaintiff often worked more than fifty hours per week as a cashier.

19. In March 2017, Plaintiff's agreed upon hourly wage was nine dollars per hour.

20. In April 2017, Plaintiff's agreed upon hourly wage increased to ten dollars per hour.

21. In August 2017, Plaintiff's agreed upon hourly wage increased to eleven dollars per hour.

22. While Plaintiff worked for Defendants, they regularly failed to pay Plaintiff time-and-a-half for hours worked in excess of forty in a workweek.

23. For example, for the pay period beginning on November 26, 2017 and ending on December 9, 2017, Plaintiff worked 131.4 hours. Plaintiff was paid eleven dollars per hour for 76.17 hours and paid a "bonus" of eleven dollars per hour for 59.06 hours. During this time period, Plaintiff was not paid time and one half for hours worked over eighty hours.

3

24. As another example, for the pay period beginning December 10, 2017 and ending December 23, 2017, Plaintiff worked 140 hours. Plaintiff was paid eleven dollars an hour for all 140 hours and was not paid time and a half for any hours worked over eighty hours.

## COUNT I
## Violation of the Fair Labor Standards Act
## 29 U.S.C. § 203, *et. seq*.

25. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

26. Defendants willfully refused to pay Plaintiff overtime premiums required by FLSA, 29 U.S.C. § 207(a), which requires an employer to pay its hourly, non-exempt employees at a rate of not less than one-and-a-half times the regular rate of pay for all hours worked in excess of forty in any workweek.

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment against Defendants and issue an order:

a. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

b. Declaring that Defendants' conduct violated the FLSA;

c. Awarding Plaintiff her reasonable attorneys' fees and costs of this action;

d. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

e. Awarding such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law
## 820 ILCS 105/1 *et seq.* ("IMWL")

27. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

4

28. Defendants employed Plaintiff because they permitted Plaintiff to work as a cashier and exerted substantial control over the manner in which she performed that work.

29. Plaintiff worked for Defendants in excess of forty hours in a workweek.

30. Defendants willfully refused to pay Plaintiff one-and-a-half times her regular hourly rate for hours worked in excess of forty in a workweek, in violation of the IMWL.

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment against Defendant and issue an order:

a. Declaring that the actions complained of herein violate 820 ILCS 105/4;

b. Awarding Plaintiff all unpaid overtime wages due and owing;

c. Awarding Plaintiff prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

d. Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

e. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

f. Providing injunctive relief requiring Defendant to pay all statutorily-required wages and penalties and barring future violations; and

g. Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

/s/ Chirag G. Badlani
One of the Attorneys for the Plaintiff

Christopher J. Wilmes (Illinois Bar No. 6287688)
Chirag G. Badlani (Illinois Bar No. 6308523)
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000

Chicago, Illinois 60602
312-580-0100